**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JUDY T. MARTIN,<br><br>          Plaintiff,<br><br>     v.<br><br>BOSTON CHILDREN'S HOSPITAL,<br><br>          Defendant. | Civil Action No. 1:22-cv-11877-IT |

## DEFENDANT BOSTON CHILDREN'S HOSPITAL'S ANSWER TO THE COMPLAINT, JURY DEMAND, AND AFFIRMATIVE DEFENSES

Defendant, Boston Children's Hospital ("Defendant" or "BCH"), by and through its

attorneys, Seyfarth Shaw LLP, hereby submits its Answer to Complaint filed by Plaintiff Judy T.

Martin ("Plaintiff") as follows:

### INTRODUCTION

**COMPLAINT ¶1:**

Defendant discriminated against Plaintiff on the basis of disability in violation of the Americans with Disabilities Act (ADA) and the equivalent Massachusetts statute, M.G. L. c. 151B.

**ANSWER:**

Defendant denies the allegations in Paragraph 1.

### JURISDICTION AND VENUE

**COMPLAINT ¶2:**

This Court has jurisdiction over this action under 42 U.S.C. § 1331 and has supplemental jurisdiction over State-law claims.

**ANSWER:**

Paragraph 2 contains conclusions of law to which no response is required.

## PARTIES

**COMPLAINT ¶3:**

Plaintiff Judy T. Martin is an individual who resides in Wakefield, Massachusetts.

**ANSWER:**

Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 3 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶4:**

Defendant Boston Children's Hospital is a person within the meaning of 42 U.S.C. § 2000e (a); and is an employer within the meaning of 42 U.S.C. § 12111 and of M.G.L. 151B, § 1 (5).

**ANSWER:**

Paragraph 4 contains conclusions of law to which no response is required.  Defendant further answers that it is a charitable corporation.

## EEOC CHARGE

**COMPLAINT ¶5:**

Plaintiff filed a timely charge with the United States Equal Opportunity Commission (EEOC) (Charge No. 523-2022-01099).  The EEOC issued a right-to-sue notice on August 30, 2022.  Plaintiff brings this case within 90 days of receipt of the EEOC right-to-sue notice.  All preconditions for filing this lawsuit have been performed or have occurred.

**ANSWER:**

Paragraph 5 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff filed a charge with the United States Equal Opportunity Commission (EEOC) (Charge No. 523-2022-01099); that the EEOC issued a Determination and Notice of Rights on August 30, 2022; and that the Complaint in this case was filed within 90 days of August 30, 2022.  Defendant denies all other allegations in Paragraph 5.

## FACTS

### COMPLAINT ¶6:

From July 2007 until December 21, 2021, Plaintiff was employed by Defendant as an Electroneurodiagnostic Technologist II (an "EEG technician").

### ANSWER:

Defendant admits the allegations in Paragraph 6.

### COMPLAINT ¶7:

On September 9, 2021, Defendant announced that it was requiring employees to be injected with the following products:

> For COVID-19, an individual must have received two shots of the Moderna or Pfizer vaccine, or one shot of the Johnson & Johnson Janssen vaccine, by October 30, 2021; other vaccines will be considered on a case by case basis.

A copy of Defendant's policy is attached hereto as Exhibit A.

### ANSWER:

Defendant answers that the Defendant's September 9, 2021, announcement, attached

hereto as Exhibit A, speaks for itself, and otherwise denies the allegations in Paragraph 7.

### COMPLAINT ¶8:

In 2019, Plaintiff received a Tdap vaccine, to which she suffered an adverse reaction, including temporary loss of vision in one eye.  The Tdap vaccines and the products advertised as a COVID-19 vaccines [sic] (Pfizer/BioNTech, Moderna, and Janssen) have at least one common ingredient, namely polysorbate 80.[1] The World Health Organization states:

> **Who should not take the vaccine?**
>
> Individuals with a history of severe allergic reaction to any component of the vaccine should not take this or any other mRNA vaccine.[2]

---

[1] Ieven T, Van Weyenbergh T, Vandebotermet M, Devolder D, Breynaert C, Schrijvers R. "Tolerability of polysorbate 80-containing COVID-19 vaccines in confirmed polyethylene glycol-allergic patients." J Allergy Clin Immunol Pract. 2021 Dec 9 (12):4470-4472.e1. doi: 10.1016/j.jaip.2021.09.039. Epub 2021 Oct 6. PMID: 34626857; PMCID: PMC8492825.

[2] https://www.who.int/news-room/feature-stories/detail/the-moderna-covid-19-mrna-1273-vaccine-what-you-need-to-know#:~:text=What's%20the%20recommended%20dosage%3F,given%20intramuscularly%2C %204%20weeks%2 0apart.

Accordingly, Plaintiff feared that if she was injected with a product advertised as a COVID-19 vaccine she would suffer another adverse reaction, possibly worse and longer lasting.

**ANSWER:**

Defendant lacks sufficient knowledge and information to respond to the allegations set forth in the first and fourth sentences in Paragraph 8 and therefore denies the same and leaves Plaintiff to her proof.  Defendant further answers that WHO publications speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 8.

**COMPLAINT ¶9:**

Plaintiff requested an exemption from Defendant's policy, which request Defendant denied.  Defendant could have accommodated Plaintiff's request without undue hardship because (a) Plaintiff had the benefit of infection-induced immunity (natural immunity), a fact of which Defendant was aware; and (b) because the products advertised as COVID-19 vaccines do not prevent recipients from catching and spreading COVID-19.

**ANSWER:**

Defendant admits that Plaintiff requested a medical exemption from Defendant's COVID-19 vaccination policy and that Defendant denied the exemption following an interactive process with Plaintiff.  Defendant denies the remaining allegations in Paragraph 9.

**COMPLAINT ¶10:**

According to the results of the drug trials that Pfizer conducted in 2020 in connection with its "vaccine," the absolute risk reduction (the reduction of the risk that a recipient would have a symptomatic positive test for COVID-19 after receiving the drug) was 0.84%.[3] As cardiologist Dr. Aseem Malhotra explained in the *European Scientist*:

> [W]hat was reported in the mainstream news as being 95% effective against infection was in fact relative risk reduction, not absolute risk reduction from the double blind randomized controlled trial that took place during the more lethal circulating post-Wuhan ancestral strain of the virus.  That specific NEJM paper which underpinned the emergency use authorization of the Pfizer mRNA vaccine actually revealed an absolute risk reduction (ARR) of 0.84%.
>
> In other words, for every 119 individuals vaccinated one person would be protected from being infected...  Furthermore, as newer and thankfully, less lethal, mutated strains became dominant, any protection against infection at the very

---

[3] https://www.thennt.com/review-covid-analysis-2020/

least became less effective and likely completely ineffective, even if there is some significant (as yet to be fully determined in absolute individual terms) protection against serious illness and death.[4]

**ANSWER:**

Defendant objects to Paragraph 10 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  Defendant denies the allegations in Paragraph 10.

**COMPLAINT ¶11:**

The products known as "COVID-19 vaccines" produced by Johnson & Johnson, Moderna, and Pfizer do not prevent recipients from contracting and transmitting COVID-19, and the number of prominent political leaders who have received the products and gone on to catch COVID-19 makes the reality difficult to ignore.  For example:

**ANSWER:**

Defendant objects to Paragraph 11 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant admits that it is, at the time of the filing of this Answer, established in medical literature that COVID-19 vaccination, while significantly protective against COVID-19 infection and against severe illness, hospitalization and death, does not eliminate all risk of a breakthrough infection.  Defendant denies the remaining allegations in Paragraph 11.

**COMPLAINT ¶12:**

On August 19, 2021, three U.S. Senators (John Hickenlooper of Colorado, Angus King of Maine, and Roger Wicker of Mississippi) announced that they had tested positive for COVID-19.  All three had been injected with products advertised as COVID-19 vaccines.  Senator King stated: "While I am not feeling great, I'm definitely feeling much better than I would have without the vaccine."[5] Senator Hickenlooper said: "I'm grateful for the vaccine (and the scientists behind it) for limiting my symptoms and allowing us to continue our work for

---

[4] Dr. Aseem Malhotra, "Being Pro-Covid 19 Vaccines and Pro-transparency are not mutually exclusive – ending all mandates globally and accessing the raw data is now essential to restore trust," *European Scientist* (August 16, 2022).
https://www.europeanscientist.com/en/features/being-pro-covid-19-vaccines-and-pro-transparency-are-not-mutually-exclusive-ending-all-mandates-globally-and-accessing-the-raw-data-is-now-essential-to-restore-trust/
[5] https://www.cnn.com/2021/08/19/politics/roger-wicker-tests-positive-covid

Colorado."[6] Senator Wicker tested positive again in February 2022 and for a third time in June 2022.[7]

**ANSWER:**

Defendant objects to Paragraph 12 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains redundant allegations that are immaterial to this Complaint. To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 12 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶13:**

On October 19, 2021, the Department of Homeland Security announced that Secretary Alejandro Mayorkas had tested positive for COVID-19, describing him as "fully vaccinated" and experiencing "only mild congestion."[8]

**ANSWER:**

Defendant objects to Paragraph 13 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains redundant allegations that are immaterial to this Complaint. To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 13 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶14:**

On December 19, 2021, Senator Elizabeth Warren and Senator Cory Booker both announced that they had tested positive for COVID-19. Senator Warren tweeted: "Thankfully, I am only experiencing mild symptoms & am grateful for the protection provided against serious illness that comes from being vaccinated & boosted." Senator Booker tweeted: "I'm beyond grateful to have received two doses of vaccine and, more recently, a booster – I'm certain that without them I would be doing much worse."[9]

---

[6] https://www.denverpost.com/2021/08/19/john-hickenlooper-covid-19-positive-congress/
[7] https://www.usnews.com/news/best-states/mississippi/articles/2022-06-13/us-sen-wicker-of-mississippi-again-tests-positive-for-covid
[8] https://www.reuters.com/world/us/us-homeland-security-secretary-tests-positive-covid-19-media-2021-10-19/
[9] https://www.thenewportbuzz.com/double-vaxxed-and-boosted-senators-warren-and-booker-test-positive-for-covid-19/33664

**ANSWER:**

Defendant objects to Paragraph 14 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 14 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶15:**

On January 2, 2022, the Department of Defense announced that Secretary Lloyd Austin
had tested positive for COVID-19.  Secretary Austin stated:

> As my doctor made clear to me, my fully vaccinated status — and the booster I
> received in early October — have rendered the infection much more mild than it
> would otherwise have been.  And I am grateful for that.[10]

On August 15, 2022, the Defense Department announced that Secretary Austin had tested
positive for COVID-19 again and was (again) experiencing mild symptoms.  Secretary Austin
stated;

> Now, as in January, my doctor told me that my fully vaccinated status, including
> two booster shots, is why my symptoms are less severe than would otherwise be
> the case...  The vaccines work and will remain a military medical requirement for
> our workforce.[11]

**ANSWER:**

Defendant objects to Paragraph 15 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 15 and therefore denies the same and leaves Plaintiff to her proof.

---

[10] https://www.defense.gov/News/Releases/Release/Article/2886520/statement-by-secretary-of-defense-lloyd-j-austin-iii-on-covid-status/
[11] https://www.defense.gov/News/Releases/Release/Article/3127969/statement-by-secretary-of-defense-lloyd-j-austin-iii-on-his-covid-status/

**COMPLAINT ¶16:**

On March 13, 2021, former President Barack Obama announced that he had tested positive for COVID-19, stating: "Michelle and I are grateful to be vaccinated and boosted."[12]

**ANSWER:**

Defendant objects to Paragraph 16 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 16 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶17:**

On March 31, 2022, William Burns (Director of the Central Intelligence Agency) tested positive for COVID-19.  The Wall Street Journal quoted the CIA as stating that Mr. Burns was fully vaccinated and boosted" and "experiencing mild symptoms."[13]

**ANSWER:**

Defendant objects to Paragraph 17 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 17 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶18:**

On April 6, 2022, the Department of Justice announced that Attorney General Merrick Garland had tested positive for COVID-19.  According to the press release, "the Attorney General is fully vaccinated and boosted."[14]

**ANSWER:**

Defendant objects to Paragraph 18 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

---

[12] https://www.npr.org/2022/03/13/1086362826/obama-has-tested-positive-for-covid

[13] https://www.wsj.com/articles/cia-director-william-burns-tests-positive-for-covid-19-11648745041

[14] https://www.justice.gov/opa/pr/statement-attorney-general-merrick-b-garland-1

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 18 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶19:**

The same day (April 6, 2022) the Department of Commerce announced:

> Today, after experiencing mild symptoms, Secretary [Gina] Raimondo tested
> positive for COVID using an at-home antigen test.  She is fully-vaccinated and
> boosted, and she is confident that the vaccine has prevented her from
> experiencing more significant symptoms.[15]

**ANSWER:**

Defendant objects to Paragraph 19 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 19 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶20:**

On April 7, 2022, House Speaker Nancy Pelosi tested positive for COVID-19.  Her
spokesperson described her as "fully vaccinated and boosted, and is thankful for the robust
protection the vaccine has provided."[16]

**ANSWER:**

Defendant objects to Paragraph 20 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 20 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶21:**

On April 9, 2022, the Department of Agriculture released a statement that Secretary Tom
Vilsack had tested positive for COVID-19.  It described him as "fully vaccinated and boosted."[17]

---

[15] https://www.commerce.gov/news/press-releases/2022/04/statement-secretary-gina-m-raimondo
[16] https://www.npr.org/2022/04/07/1066212755/speaker-nancy-pelosi-has-tested-positive-for-covid
[17] https://www.usda.gov/media/press-releases/2022/04/09/statement-office-us-agriculture-secretary-tom-vilsack

**ANSWER:**

Defendant objects to Paragraph 21 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 21 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶22:**

On April 26, 2022, the White House announced that Vice President Kamala Harris had
tested positive for COVID-19.  According to PBS:

> Harris, 57, received her first dose of the Moderna COVID-19 vaccine weeks
> before taking office and a second dose just days after Inauguration Day in 2021.
> She received a booster shot in late October and an additional booster on April 1.[18]

**ANSWER:**

Defendant objects to Paragraph 22 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 22 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶23:**

On April 28, 2022, Maine Governor Janet T. Mills announced that she had tested positive
for COVID-19.  Her office stated: "The Governor is fully vaccinated and has received two
boosters – with the second booster dose being administered on April 8, 2022 – providing her
with the strongest level of protection against serious disease or hospitalization."[19]

**ANSWER:**

Defendant objects to Paragraph 23 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

---

[18] https://www.pbs.org/newshour/politics/vice-president-kamala-harris-tests-positive-for-covid-19
[19] https://www.maine.gov/governor/mills/news/governor-mills-announces-positive-covid-19-test-result-2022-04-28

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 23 and therefore denies the same and leaves Plaintiff to her proof.

## COMPLAINT ¶24:

On May 4, 2022, Secretary of State Anthony Blinken tested positive for COVID-19.  The State Department press release described him as "fully vaccinated and boosted against the virus and is experiencing only mild symptoms."[20]

## ANSWER:

Defendant objects to Paragraph 24 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 24 and therefore denies the same and leaves Plaintiff to her proof.

## COMPLAINT ¶25:

On May 9, 2022, Susan Rice, President Biden's domestic policy advisor announced that she had tested positive for COVID-19, and stated: "I'm feeling fine and grateful to be vaccinated and double boosted."[21]

## ANSWER:

Defendant objects to Paragraph 25 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 25 and therefore denies the same and leaves Plaintiff to her proof.

## COMPLAINT ¶26:

On May 16, 2022, the office of Delaware Governor John Carney announced that he had tested positive for COVID-19: "Governor Carney is vaccinated and double boosted."[22] Governor Carney said that he was experiencing "mild symptoms."[23]

---

[20] https://www.state.gov/secretary-blinken-tests-positive-for-covid-19/
[21] https://www.cnn.com/2022/05/09/politics/susan-rice-positive-covid
[22] https://news.delaware.gov/2022/05/16/governor-carney-tests-positive-for-covid-19/
[23] https://www.wdel.com/news/gov-carney-feeling-well-after-testing-positive-for-covid-19/article_91f0816c-d576-11ec-85bd-23d3731f5496.html

**ANSWER:**

Defendant objects to Paragraph 26 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 26 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶27:**

On June 1, 2022, Labor Secretary Marty Walsh tested positive for COVID-19 and stated that he was experiencing "mild symptoms and was "grateful to be both vaccinated and boosted."

**ANSWER:**

Defendant objects to Paragraph 27 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 27 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶28:**

The same day Interior Secretary Deb Haaland tested positive for COVID-19 and stated, "I feel fine and am grateful to be fully vaccinated and twice boosted."[24]

**ANSWER:**

Defendant objects to Paragraph 28 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 28 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶29:**

On June 6, 202, Transportation Secretary Pete Buttigieg ("vaccinated and boosted") tested positive for COVID-19 and said that he was "experiencing mild symptoms."[25]

---

[24] https://www.nytimes.com/2022/06/01/us/politics/martin-walsh-positive-coronavirus.html
[25] https://abcnews.go.com/US/transportation-secretary-pete-buttigieg-tests-positive-covid-19/story?id=85088123

**ANSWER:**

Defendant objects to Paragraph 29 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 29 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶30:**

On June 13, 2022, the Department of Health & Human Services announced that Secretary
Xavier Beccera had tested positive for COVID-19 again.  The department's press release
described him as "fully vaccinated and boosted against COVID-19 and experiencing mild
symptoms."[26] He had previously tested positive for COVID-19 a little over a month before, on
May 18, 2022, when the department's press release stated:

> This morning in Berlin, ahead of G7 meetings for health ministers, U.S. Health
> and Human Services Secretary Xavier Becerra tested positive for COVID-19 after
> taking a PCR test.  He is fully vaccinated and boosted against COVID-19, and is
> experiencing mild symptoms.[27]

**ANSWER:**

Defendant objects to Paragraph 30 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 30 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶31:**

On June 15, 2022, the National Institutes for Health announced that Dr. Anthony Fauci
(director of the National Institutes of Allergy and Infectious Diseases) had caught COVID-19:
"He is fully vaccinated and has been boosted twice.  He is currently experiencing mild
symptoms."[28] Dr. Fauci took Paxlovid and promptly caught COVID-19 again.[29]

---

[26] https://www.hhs.gov/about/news/2022/06/13/statement-assistant-secretary-public-affairs-sarah-lovenheim-hhs-secretary-becerra-testing-positive-covid-19.html

[27] https://www.hhs.gov/about/news/2022/05/18/statement-from-assistant-secretary-for-public-affairs-sarah-lovenheim-on-hhs-delegation-traveling-in-berlin.html

[28] https://www.nih.gov/news-events/news-releases/niaid-director-fauci-tests-positive-covid-19

[29] https://www.cnbc.com/2022/07/27/as-more-people-report-covid-rebounds-after-paxlovid-experts-insist-cases-are-rare.html

**ANSWER:**

Defendant objects to Paragraph 31 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 31 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶32:**

On June 20, 2022, North Carolina Governor Roy Cooper announced that he had tested
positive for COVID-19: "I'm feeling fine.  Thanks to vaccinations and boosters, my symptoms
are very mild."[30] The previous July, Governor Roy had issued Executive Order 224, which
ordered mandatory injection for State employees or, in the alterative weekly testing for COVID-
18, and stated: "The most effective protection against the Delta variant-or against any form of
COVID-19-is getting vaccinated.  Vaccinations also protect the people around us from sickness
and death."

**ANSWER:**

Defendant objects to Paragraph 32 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 32 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶33:**

On July 10, 2022, Senate Majority Leader Charles Schumer of New York caught
COVID-19.  His spokesperson stated: "The Leader is fully vaccinated and double boosted, and
has very mild symptoms."[31]

**ANSWER:**

Defendant objects to Paragraph 33 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

---

[30] https://governor.nc.gov/news/press-releases/2022/06/20/governor-cooper-tests-positive-covid-19
[31] https://www.cnn.com/2022/07/10/politics/chuck-schumer-has-covid/index.html

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 33 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶34:**

On July 11, 2022, Senator Richard Blumenthal tested positive for COVID-19 and stated, "I'm not experiencing symptoms & am thankful to be fully vaccinated & boosted."[32]

**ANSWER:**

Defendant objects to Paragraph 34 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 34 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶35:**

President Joe Biden — vaccinated and double-boosted[33] — recovered from another bout of COVID-19 over the summer.  He received his second booster dose on Wednesday, March 30, 2022, and tested positive for COVID-19 on July 21, 2022, just 15 weeks later.  The White House press release dated July 21, 2022, stated:

> This morning, President Biden tested positive for COVID-19.  He is fully vaccinated and twice boosted and experiencing very mild symptoms.  He has begun taking Paxlovid.

He took Paxlovid, and (like Dr. Fauci) caught COVID-19 again.[34]  It is also common knowledge that First Lady Jill Biden — twice "vaccinated" and twice "boosted,' according to her spokesperson — has also caught COVID-19.[35]

---

[32] https://thehill.com/homenews/senate/3553488-blumenthal-second-democrat-to-miss-votes-with-covid-complicating-senate-agenda/
[33] https://www.politico.com/news/2022/03/30/biden-receive-second-covid-booster-00021667
[34] It is also well known that the "vaccinated" and thrice-boosted Canadian Prime Minister, Justin Trudeau, who is 50 years old, has caught COVID-19 twice (so far).  He was "vaccinated" on April 23, 2021, received a booster on January 4, 2022, caught COVID-19 later that month, received a second shot in April 2022, caught COVID-19 for the second time in June, then got a third "booster" shot in July.
https://www.cnn.com/2022/06/13/americas/justin-trudeau-covid19-intl/index.html;
https://www.businessinsider.com/justin-trudeau-got-moderna-booster-shot-after-his-astrazeneca-jab-2021-7;
https://www.politico.com/news/2022/06/13/trudeau-positive-covid-00039165
[35] https://www.reuters.com/world/us/us-first-lady-jill-biden-tests-positive-covid-19-statement-2022-08-16/

**ANSWER:**

Defendant objects to Paragraph 35 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 35 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶36:**

On August 8, 202, Michigan Governor Gretchen Whitmer stated that she had tested positive for COVID-19: "Thankfully, I am only experiencing mild symptoms after being fully vaccinated and twice boosted."[36] Nine months earlier, on the occasion of receiving one of her booster shots, Governor Whitmer had stated: "The three safe, effective vaccines continue to be our best shot at beating COVID-19."[37]

**ANSWER:**

Defendant objects to Paragraph 36 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 36 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶37:**

On August 25, 2022, New Mexico Governor Lujan Grisham announced that she had tested positive for COVID-19: "I am very grateful to be experiencing only mild symptoms after being fully vaccinated and twice boosted against COVID-19."[38]

**ANSWER:**

Defendant objects to Paragraph 37 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

---

[36] https://www.michigan.gov/whitmer/news/press-releases/2022/08/08/governor-whitmer-statement-on-testing-positive-for-covid-19

[37] https://www.michigan.gov/whitmer/news/press-releases/2021/11/05/photos-gov--whitmer-receives-safe-effective-covid-19-vaccine-booster

[38] https://www.governor.state.nm.us/2022/08/25/governor-tests-positive-for-covid-19/

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 37 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶38:**

On September 6, 2022, Senator Jackie Rosen of Nevada announced that she had tested positive for COVID-19.  Her office stated that she was experiencing "mild symptoms" and was "thankful to have been fully vaccinated and boosted to protect against severe illness."[39]

**ANSWER:**

Defendant objects to Paragraph 38 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 38 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶39:**

On September 27, 2022, another Cabinet member, Michael Regan (Administrator of the Environmental Protection Agency) posted a Tweet stating that he had tested positive for COVID-19, was experiencing "mild symptoms," and was "grateful to be vaccinated and boosted."[40]

**ANSWER:**

Defendant objects to Paragraph 39 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains redundant allegations that are immaterial to this Complaint.  To the extent an answer is

required, Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 39 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶40:**

CDC director Rochelle Walensky tested positive for COVID-19 on October 22; the CDC announced that Walensky was "up to date with her vaccines."[41] This came approximately one month after she was injected with the bivalent product.  On the day of her injection, ABC quoted Walensky as saying:

---

[39] https://www.rosen.senate.gov/2022/09/06/senator-rosen-tests-positive-for-covid-19/
[40] https://twitter.com/EPAMichaelRegan/status/1574924863802056705
[41] https://www.cdc.gov/media/releases/2022/s1022-covid-director.html

> All the data from this new bivalent vaccine have demonstrated that it will protect you against — more likely protect you — against the strains that we have circulating right now, those Omicron BA.5 strains, as well as keep you well protected, because we've seen that some of that protection can wane over time. So, we are really encouraging everybody to roll up their sleeves and get this updated bivalent vaccine.[42]

Just four weeks after her bivalent-booster injection, Walensky caught COVID-19. Then she took Paxlovid and caught it again.[43]

**ANSWER:**

Defendant objects to Paragraph 40 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains redundant allegations that are immaterial to this Complaint. To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 40 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶41:**

On November 1, 2022, the Department of Education announced that Education Secretary Miguel Cardona had caught COVID-19. The department's press release described him as "fully vaccinated and boosted against COVID-19 and experiencing mild symptoms."[44]

**ANSWER:**

Defendant objects to Paragraph 41 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains redundant allegations that are immaterial to this Complaint. To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 41 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶42:**

The inefficacy of the products is something that public health officials are now acknowledging publicly. Dr. Deborah Birx, former White House Coronavirus Response Coordinator, stated recently: "I knew these vaccines were not going to protect against infection and I think we overplayed the vaccines."[45] Similarly, as former CDC director Dr. Tom Frieden

---

[42] https://abcnews.go.com/Health/cdc-director-weighs-pandemic-bivalent-covid-shot-critically/story?id=90323875
[43] https://www.cdc.gov/media/releases/2022/s1031-covid-19-cdc-director.html
[44] https://www.ed.gov/news/press-releases/statement-acting-assistant-secretary-communications-and-outreach-kelly-leon-education-secretary-cardona-testing-positive-covid-19
[45] https://youtu.be/8AYqTgtIgLA

stated, "protection against infection through vaccination is something of a flash-in-the-pan phenomenon."  Dr. Anthony Fauci now concedes that vaccine-induced immunity "isn't durable":

> "We know that people get infected and then get reinfected.  And people get vaccinated, and they get infected.  So, immunity isn't measured in decades or lifetimes.  It's measured in several months."[46]

**ANSWER:**

Defendant objects to Paragraph 42 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant denies the allegations set forth in Paragraph 42.

**COMPLAINT ¶43:**

Acknowledging this reality, the CDC changed its COVID-19 guidance in August 2022, so that its prevention recommendations "no longer differentiate based on a person's vaccination status."[47] The CDC now concedes that the products advertised as COVID-19 vaccines do not prevent recipients from catching, getting sick from, and spreading COVID-19.

**ANSWER:**

Defendant objects to Paragraph 43 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant denies the allegations set forth in Paragraph 43.  Defendant further states that the CDC guidance speaks for itself.

**COMPLAINT ¶44:**

Figures from the Massachusetts Department of Public Health (DPH) figures show that since at least February 2022 the majority of people hospitalized in Massachusetts for COVID-19 have been "fully vaccinated."

**ANSWER:**

Defendant objects to Paragraph 44 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required,

---

[46] https://www.marketwatch.com/articles/anthony-fauci-covid-19-biden-immunity-51658437525?siteid=nf-rss
[47] https://www.cdc.gov/mmwr/volumes/71/wr/mm7133e1.htm

Defendant lacks sufficient knowledge and information to respond to the allegations set forth in

Paragraph 44 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶45:**

Massachusetts DPH figures show that by mid-July 2022 more than 3,000 "fully vaccinated" people in Massachusetts had died from COVID-19.  The Massachusetts DPH categorizes individuals as "fully vaccinated" if they have received the number of doses required to complete the COVID-19 vaccine series for their age and all of these doses have been reported to the Massachusetts Immunization Information System.

**ANSWER:**

Defendant objects to Paragraph 45 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains allegations that are immaterial to this Complaint.  To the extent an answer is required,

Defendant lacks sufficient knowledge and information to respond to the allegations set forth in

Paragraph 45 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶46:**

In mid-July the Massachusetts DPH stopped publishing the number of COVID-19 breakthrough cases, i.e. people who were injected with the products and then caught the disease. The DPH website states "data on vaccine breakthrough cases in Massachusetts are no longer being updated."  It does not say why.

**ANSWER:**

Defendant objects to Paragraph 46 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and

contains allegations that are immaterial to this Complaint.  To the extent an answer is required,

Defendant lacks sufficient knowledge and information to respond to the allegations set forth in

Paragraph 46 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶47:**

The latest — and apparently final — weekly report on COVID-19 cases among "fully vaccinated" individuals states that 11.4% of "fully vaccinated" people have caught COVID-19 after becoming "fully vaccinated":

- As of July 2, 2022 there were 5,408,359 fully vaccinated people and there were 617,337 cases in vaccinated people

- 10,121 of those 617,337 cases resulted in hospitalization and 3,213 cases resulted in death based on information reported to date[48]

**ANSWER:**

Defendant objects to Paragraph 47 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 47 and therefore denies the same and leaves Plaintiff to her proof.  Defendant further answers that the Massachusetts DPH data speaks for itself.

**COMPLAINT ¶48:**

Below the figures, the DPH includes this note about undercounting both of cases and hospitalizations:

> Identification of cases in vaccinated people relies on matching data between the system of record for cases and vaccinations.  The number of cases in vaccinated people may be undercounted due to discrepancies in the names and dates of birth of individuals, resulting in an inability to match records across systems. Hospitalization data is likely also undercounted as identification and reporting of hospitalized cases relies on that information being obtainable by case investigators through patient interview.

**ANSWER:**

Defendant objects to Paragraph 48 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 48 and therefore denies the same and leaves Plaintiff to her proof.  Defendant further answers that the Massachusetts DPH data speaks for itself.

**COMPLAINT ¶49:**

For most people who display some symptoms of COVID-19, those symptoms are mild (e.g. sore throat, slight cough, and runny nose) and do not require a visit to a healthcare provider. If a person with COVID-19 does not report the infection to a healthcare provider, nobody enters

---

[48] Massachusetts Department of Public Health COVID-19 Vaccine Data –Tuesday, July 5, 2022.

the case into a healthcare provider's database, and it does not appear in the DPH figures. Accordingly, the DPH case count of 617,337 "fully vaccinated" people who subsequently caught COVID-19 excludes those who do not report the fact to a healthcare provider. It also excludes people who were injected with the products but caught COVID-19 within the 14-day period prior to them becoming "fully vaccinated" according to the Department's definition of that term.

**ANSWER:**

Defendant objects to Paragraph 49 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint. To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 49 and therefore denies the same and leaves Plaintiff to her proof. Defendant further answers that the Massachusetts DPH data speaks for itself.

**COMPLAINT ¶50:**

Defendant's express reason for terminating Plaintiff was the fact that Plaintiff had not received a product advertised as a COVID-19 vaccine. At all material times, Defendant knew that: (a) being injected with such a product would not have prevented Plaintiff from contracting and spreading COVID-19; (b) that Plaintiff had suffered an adverse reaction from a product containing an ingredient also found in the products advertised as COVID-19 vaccines and was at risk of further harm from mRNA products;[49] (c) that Plaintiff had the benefit of natural immunity, having recovered from COVID-19; and (d) that Defendant could have accommodated Defendant's request without undue hardship.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 50 of the complaint.

**COMPLAINT ¶51:**

On the basis of her previous adverse reaction Plaintiff suffers from an impairment that limited one or major life activities, which is a disability within the meaning of the ADA, 42 U.S.C. § 12102.

**ANSWER:**

Defendant denies the allegations in Paragraph 51.

---

[49] See paragraph 8 above.

**COMPLAINT ¶52:**

In addition, if Defendant truly believed that being injected with the product would have prevented Plaintiff from contracting and spreading COVID-19, then Defendant perceived Plaintiff (wrongly) as being more of disease vector than employees who had been injected with the products advertised as COVID-19 vaccines.  Accordingly, Defendant regarded Plaintiff as having an impairment that substantially limits one or more major life activities, which constitutes a disability within the meaning of 42 U.S.C. § 12102 (1).

**ANSWER:**

Defendant denies the allegations in Paragraph 52.

**COMPLAINT ¶53:**

By terminating Plaintiff's employment for her not being injected with a medically unnecessary product containing an ingredient also found in a product that had previously caused her to suffer harm, Defendant discriminated against Plaintiff on the basis of disability.

**ANSWER:**

Defendant denies the allegations in Paragraph 53.

**COMPLAINT ¶54:**

By terminating Plaintiff's employment based on the erroneous perception that Plaintiff was more susceptible to catching a disease than other employees, Defendant discriminated against Plaintiff on the basis of her disability.

**ANSWER:**

Defendant denies the allegations in Paragraph 54.

**COMPLAINT ¶55:**

Plaintiff suffered an adverse employment action (termination of employment) because of the perceived disability.

**ANSWER:**

Defendant denies the allegations in Paragraph 55.

**COMPLAINT ¶56:**

At all material times, Plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation.

**ANSWER:**

Defendant denies the allegations in Paragraph 56.

**CLAIM FOR RELIEF**

**COUNT 1**

**Violation of the American with Disabilities Act**

**Defendant discriminated against Plaintiff on the basis of disability**

**COMPLAINT ¶57:**

Plaintiff repeats and incorporates by reference the factual allegations in the preceding paragraphs.

**ANSWER:**

Paragraph 57 is a statement of incorporation, to which no response is required.  To the

extent a response is required, Defendant incorporates its responses to the preceding paragraphs.

**COMPLAINT ¶58:**

The acts and omissions alleged in the preceding paragraphs constitute discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(5)(A).

**ANSWER:**

Paragraph 58 contains conclusions of law to which no response is required.  To the extent

a response is required, Defendant denies the allegations in Paragraph 58.

**COMPLAINT ¶59:**

Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

**ANSWER:**

Defendant denies the allegations in Paragraph 59.

**COMPLAINT ¶60:**

As a result, Plaintiff has suffered and continues to suffer harm.

**ANSWER:**

Defendant denies the allegations in Paragraph 60.

**COUNT 2**

**Violation of the Massachusetts General Laws Chapter 151B**

**Defendant discriminated against Plaintiff on the basis of disability**

**COMPLAINT ¶61:**

Plaintiff repeats and incorporates by reference the factual allegations in the preceding paragraphs.

**ANSWER:**

Paragraph 61 is a statement of incorporation, to which no response is required.  To the

extent a response is required, Defendant incorporates its responses to the preceding paragraphs.

**COMPLAINT ¶62:**

Defendant discriminated against Plaintiff on the basis of disability in violation of Chapter 151B of the Massachusetts General Laws.

**ANSWER:**

Paragraph 62 contains conclusions of law to which no response is required.  To the extent

a response is required, Defendant denies the allegations in Paragraph 62.

**COMPLAINT ¶63:**

As a result of Defendant's acts and omissions, Plaintiff has suffered and continues to suffer harm.

**ANSWER:**

Defendant denies the allegations in Paragraph 63.

**PRAYER FOR RELIEF**

Defendant denies the Plaintiff is entitled to any of the relief she has requested in her Complaint.

WHEREFORE, Defendant respectfully requests:

1.      That judgement enter in its favor with respect to the Complaint;

    2.      That this Court award it costs, including reasonable attorneys' fees; and

    3.      For such other relief as this Court deems just and proper.

## JURY DEMAND

Defendant hereby demands a jury trial on all claims so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, Plaintiffs' claims are time-barred, in whole or in part.

### Third Affirmative Defense

To the extent Plaintiff failed to exhaust her administrative remedies and/or failed to comply with the procedural prerequisites prior to bringing some or all of her claims, the Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

### Fourth Affirmative Defense

Granting Plaintiff's request for exemption from the vaccination requirement would have posed an undue hardship on Defendant.

### Fifth Affirmative Defense

Plaintiff was not a qualified individual under the ADA because she posed a direct threat to the workplace and no reasonable accommodation would eliminate that threat.

### Sixth Affirmative Defense

Plaintiff has not shown that she was disabled under the law.

**Seventh Affirmative Defense**

To the extent Plaintiffs allege that any of Defendant's employees acted in an improper or illegal manner, such conduct, if it occurred, was outside the course and scope of their employment, was not authorized, ratified, or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant.  Thus, Defendant is not liable for any such conduct, if it occurred.

**Eighth Affirmative Defense**

Defendant has complied with all laws and regulations and otherwise satisfied all of its statutory obligations toward Plaintiff, including under the ADA and M.G.L. 151B.

**Ninth Affirmative Defense**

Plaintiff cannot establish a *prima facie* case of disability discrimination, including on the basis of an alleged actual disability or perceived disability.

**Tenth Affirmative Defense**

Plaintiff's claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory reasons.

**Eleventh Affirmative Defense**

Defendant avers that even if some impermissible motive were a factor in any employment decision(s) concerning Plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

**Twelfth Affirmative Defense**

Without conceding that Plaintiffs have suffered any damages as a result of the purportedly wrongful acts of Defendant, Plaintiff has failed to mitigate her damages.

**<u>Thirteenth Affirmative Defense</u>**

Defendant is a charitable corporation and therefore entitled to charitable immunity on some or all of these claims.

**<u>RESERVATION OF RIGHTS</u>**

Defendant reserves the right to raise additional defenses as may be discovered during the course of these proceedings.  Defendant joins Plaintiff in her request for a jury trial.

**DATED: December 1, 2022**

Respectfully submitted,

BOSTON CHILDREN'S HOSPITAL

By Its Attorneys,

/s/ Dawn R. Solowey

Dawn R. Solowey (BBO # 567757)
dsolowey@seyfarth.com
Lisa J. Damon (BBO # 558843)
ldamon@seyfarth.com
Sarah B. Affel (BBO No. 672651)
saffel@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts  02210-2028
Telephone:   (617) 946-4800
Facsimile:    (617) 946-4801

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 1, 2022, a true copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Dawn R. Soloway
Dawn R. Soloway